**Tomas Espinosa, Esq.**
**Att. Id. No. 025691985**
**8324 Kennedy Blvd. 2nd Floor**
**North Bergen, NJ 07047**
**Tel: (201)223-1803/ Fax: (201) 223-1893**
**E-MAIL: te@lawespinosa.com**
**Attorney for Plaintiffs**

| | |
|---|---|
| Mustufa T. Kachwalla, Debra Kachwalla, individually and as their guardians ad litem of Anjali Kachwalla, Cassidy Kachwalla, Zachary Kachwalla, and Bryce T. Czech,<br><br>                         Plaintiffs<br><br>v.<br><br>Township of Edison, Edison Police Department, Daniel Hansson, individually and his capacity as Detective of Edison Police Department, Special Crime Unit Officers Palko and Officer Palatella, individually and his capacity as Detectives of Edison Police Department, D/Stg. Brian Mieczkowski, Det. Christopher Sorber, Det. Mike Michalski, Det. Charles Zundel, Det. Loren Long, Det. Fred Brown, Det. Robert Ellmyer, Det. Tim Hutson, Det. Sgt. Ray Powers, Plt. Joe Bench of the Edison Police Department, Woodbridge Police Department, John Does A 1-5 fictitious individuals Members of the Edison and/or Woodbridge Police Officers whether male or female; John Does B 1-10, fictitious individuals Members of the Edison and/or Woodbridge Department in supervisory capacities whether male or female; John Does C 1-10, any member who has supervisory capacity on the police that is a member of the Town Council Commissioner or the Town or in any legislative body for the passing of ordinances and regulations of the Police Department of Edison and/or Woodbridge or the adoption of state guidelines for the conduct of police officers; | UNITED STATES DISTRICT COURT<br><br> FOR THE DISTRICT OF NEW JERSEY<br><br>    NEWARK VICINAGE<br><br><br>    CIVIL ACTION No.<br><br><br><br><br><br><br>    COMPLAINT |

## JURISDICTION

1. This action is brought pursuant to *42 U.S.C. Section 1983* and in accordance with the First, Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under *28 U.S.C. Section 1331, Section 1343(3),* and *28 U.S.C. Section 1367*.

## PARTIES

2. Plaintiffs Mustufa T. Kachwalla, Debra Kachwalla individually and as guardian litem of Anjali Kachwalla, Cassidy Kachwalla, Zachary Kachwalla, and Bryce T. Czech, residing at 11 N. Pennsylvania Avenue, Colonia, NJ 07067 are and were, at all times herein relevant, are citizens of the United States and residents of the State of New Jersey.

3. Defendant Township of Edison is a municipality of the State of New Jersey under the laws of the State of New Jersey located at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

4. Defendant Woodbridge Township is a municipality of the State of New Jersey under the laws of the State of New Jersey located at 1 Main Street, Woodbridge, NJ 07095.

5. Defendant Edison Police Department with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

6. Defendant Woodbridge Township Police Department, with business address at 1 Main Street, Woodbridge, NJ 07095.

7. Defendant Daniel Hansson, individually and his capacity as Detective of Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

8.  Defendant Officer Palko from Special Crime Unit Officer individually and his capacity as Detective of Edison Police Department with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

9.  Defendant Officer Michael W. Palatella from Special Crime Unit Officer individually and his capacity as Detective of Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

10. Defendant Detective Sergeant Brian Mieczkowski, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

11. Defendant Detective Christopher Sorber, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

12. Defendant Detective Mike Michalski, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

13. Defendant Detective Charles Zundel, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

14. Defendant Detective Loren Long, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

15. Defendant Detective Fred Brown, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

16. Defendant Detective Robert Ellmyer, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

17. Defendant Detective Tim Hutson, Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

18. Defendant Police Lieutenant Joe Bench of the Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

19. Det. Sgt. Ray Powers of the Edison Police Department, with business address at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817.

20. John Does A 1-5 fictitious individuals Members of the Edison and/or Woodbridge Township Police Officers whether male or female; John Does B 1-10, fictitious individuals Members of the Edison and/or Woodbridge Township Department in supervisory capacities to the defendants whether male or female;

21. John Does C 1-10, any person who has supervisory capacity on the police that is a member of the Town Council Commissioner or the Town or in any legislative body for the passing of ordinances and regulations of the Police Department of Edison and/or Woodbridge or the adoption of state guidelines for the conduct of police officers; including the Mayors of Edison Township and Woodbridge Township if applicable.

22. At all times relevant hereto, Defendants Township of Edison and Woodbridge Township are the employers the aforementioned Defendants are and were responsible for the training, supervision, and conduct of Defendants Police Lieutenant, Defendants Sergeant, Defendants Detectives and Defendants Police Officers, Chief of Police and John Doe A, B and C 1-10 with business address located at Edison Municipal Complex, 100 Municipal Blvd., Edison, NJ 08817 and 1 Main Street, Woodbridge, NJ 07095.

23. All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS

24. On October 2, 2019 Defendant Detective Daniel Hansson concluded an unrelated narcotics investigation by placing an individual under arrest, while Defendant Detective

Hansson was searching the individual's cellphone, he discovered a conversation regarding purportedly illegal firearms in one of the cellphones of one of the persons arrested as a result of the narcotics investigation. The conversation took place via Facebook Messenger.

25. Defendant Detective Hansson took pictures of the conversation between the individual and the Plaintiff Bryce T. Czech, the conversation shows the interest of the individual in buying firearms from the Plaintiff Bryce T. Czech. There were photographs of four firearms in the Facebook messenger conversation and there was a commentary that a revolver being "hot" and Defendant Detective Hansson had stated that based on the experience of Defendant Detective Hansson, it meant that the revolver had been used in criminal activity in the past, and as per the messenger conversation, the Plaintiff Bryce T. Czech indicated that he had to move the guns quickly and gave prices for them.

26. Defendant Detective Hansson indicated that he identified Plaintiff Bryce T. Czech and his current address being 11 N. Pennsylvania Avenue, Colonia, NJ 07067, Defendant Detective Hansson confirmed using a DMV photo and the individual under arrest also confirmed that Plaintiff Bryce T. Czech lived at that address.

27. Plaintiff Bryce T. Czech does not and did not possess a valid driver's license and he has never driven in the State of New Jersey.

28. Plaintiff Bryce T. Czech is not the owner of the property where he resides 11 N. Pennsylvania Avenue, Colonia, NJ, but such property.

29. Plaintiffs Mustufa Kachwalla and Debra Kachwalla owned the property located at 11 N. Pennsylvania Avenue, Colonia, NJ, and had occupied it as their family residence since 1996 that with their children Zachary Kachwalla, Cassidy Kachwalla, and Anjali

Kachwalla had resided in it without interruption.  The Kachwalla family has been long residents of Colonia and Mustufa has been business owners for more than 23 years at several locations in the state such as Moose's Tavern, Tinton Falls Realty, LLC, Manjali Incorporate, Kaza Properties, etc… among others.

30. Plaintiff Bryce T. Czech has come temporarily to plaintiffs' Kachwalla's house because he is the nephew of Plaintiff Debra Kachwalla but residing since early youth in Ohio.

31. The property located at 11 N. Pennsylvania Avenue, Colonia, NJ does not belong to Plaintiff Bryce T. Czech and although he had come to temporarily reside in it, the house is the premises where Plaintiffs the Kachwalla family have a clear expectation of privacy not only in respect to the house but also to their belonging and contents.

32. Plaintiff Bryce T. Czech had such expectations of privacy also to the extent of his belongings and the space occupied by him in the premises of 11 N. Pennsylvania Avenue, Colonia, NJ was his personal space. However, the Kachwalla family had the reasonable expectation of privacy for their home at all times and even on the date of the incident of October 3, 2019.

33. Defendant Detective Hansson contacted Assistant Prosecutor Chris Fusick and provided the details of his findings, also advised that he intended to apply for a telephonic search warrant.

34.  Judge Patrick Bradshaw from Middlesex County Superior Court of New Jersey was contacted at 00:01 hours on 10/03/2019 on the basis of the representation of Defendant Detective Hansson, Judge Bradshaw found probable cause and issued a no-knock search warrant based on the representations made by defendant Detective Hansson as per the details and findings provided by Defendant Detective Hansson.

35. There was no reference on the incident report of October 3, 2019 of who owned the house located at 11 N. Pennsylvania Avenue, Colonia, NJ, nor of the persons living in it and the relationship with the owner or occupier, in sum, there was no preliminary investigation about the property and the persons living in it done by defendant Detective Hansson and there was no reference to such an investigation and its results that were presented to Judge Bradshaw about who owned and lived in the house and /or about the name and background of the occupiers. There was only the confirmation of DVM photo (not a driver license), the Edison Police Department Report Narrative on October 2, 2019 of Defendant Detective Hansson stated that the arrestee confirmed was indeed plaintiff Bryce Czech and that plaintiff Bryce Czech currently lived at that address, but there was no police investigation about the location, occupiers, owner, etc… while the report states that Detective Hansson requested SCU Officers Palko and Palatella to respond to the address and SCU Officers Palko and Palatella maintained surveillance on the residence while Detective Hansson continued investigating. There was not a single report from SCU Officers Palko and Palatella about that surveillance on the 11 N. Pennsylvania Avenue, Colonia, NJ property, neither by Defendant Detective Hansson nor by any other police officers assigned to it.

36. On October 3, 2019, Plaintiffs were sleeping in their residential house located at 11 N. Pennsylvania Avenue, Colonia, NJ.

37. On October 3, 2019 at 12:15 AM Detective Daniel Hansson obtained the telephonic search warrant granted and issued by Judge Patrick J. Bradshaw, J.S.C.. The search warrant was issued a no knock search warrant based on the evidence provided by defendant Detective Daniel Hansson.

38. After obtaining the warrant detectives from Edison Police Department and Woodbridge Police Department went to the plaintiffs' house where plaintiff Bryce T. Czech was residing, and after an execution plan was drafted and discussed to execute the search warrant on the house located at 11 N. Pennsylvania Avenue, Colonia, NJ.

39. Plaintiffs, the Kachwalla's family house front door of 11 N. Pennsylvania Avenue, Colonia, NJ was breached, and only after the breaking in was made the defendants' detectives made their announcement as police officers and plaintiffs' entire house was cleared and all occupants of the Kachwalla's family were detained with handcuffed even two minors Zachary and Anjali Kachwalla in order for the house to be searched.  The Kachwalla family were not the persons for which the no-knock search warrant was obtained, the Kachwalla Family were detained in what in effect was arrests with clear indication that they were not free to leave, while the house was searched, the entire house was ransacked and damages to the property was done by the defendants.

40. Defendants searched on the plaintiffs' house interior and exterior, including but not limited to plaintiffs Mustufa and Debra's bedroom, Cassidy's bedroom, Anjali's bedroom, Zachary's bedroom, Bryce's bedroom, laundry room, attic, shed, Plaintiff Mustufa Kachwalla's Dodge's truck, it searched on Mr. Mustufa wallet and removed also Mr. Kachwalla's firearm ID card and/or permit.

41. Defendants also searched and touched private parts of Plaintiff Zachary in his bedroom while he was a minor, without his consent and without the presence of the plaintiffs Mustufa and Debra Kachwalla.  Plaintiff Zachary was in his boxers and he told the defendants if "they like to feel young boys", he felt humiliated and violated of his private parts, intimidated by the improper touch made by the defendants.

42. Plaintiffs the Kachwalla's family were subjected to de facto arrests and their privacy was violated by these defendants' police officers invasion of their enclosure and exposure of their private belongings.

43. Plaintiff Bryce T. Czech was located in a downstairs bedroom at the premises located at 11 N. Pennsylvania Avenue, Colonia, NJ. Plaintiff Bryce T. Czech had neither control nor ownership of the house, Bryce T. Czech had no permission to access without the express consent of each of the members of the Kachwalla family their own bedrooms, and that the other areas of the house.

44. On October 3, 2019 after the search warrant was being executed at the premises 11 N. Pennsylvania Avenue, Colonia, NJ., plaintiff Bryce T. Czech stated that he did not have those guns there. Plaintiff Bryce was slapped in his face by one of the defendants' detectives.  He advised the defendants and according to the police report that he did not possess the firearms and that he was trying to set someone up for a robbery.

45. After the search was made the firearms that were in Bryce Czech's Facebook messenger which were the cause of the obtaining of the search warrant by defendant Det. Hansson was not located at 11 N. Pennsylvania Avenue, Colonia, NJ 07067.

46. Defendants' police officers, detectives and/or sergeant did find three firearms, but they were in a safe box in plaintiff Mustufa Kachwalla's bedroom, the firearms were seized with the execution of TERPO 1225, XTR 2019 000001 by the Woodbridge Police Department.

47. The firearms obtained at plaintiffs' house by the defendants were plaintiffs Mustufa Kachwalla registered and with permits firearm that belonged solely to plaintiff Mustufa Kachwalla, contrary to the police statement, the weapons were locked in the safe box and

Plaintiff Mustufa Kachwalla was requested to open it so the defendants detectives could search on it.  There was no search warrant directed at Mustufa Kachwalla, nor a search warrant issued to search his belonging or the safebox. The defendants detectives and/or police officers did not request his consent but ordered him to open the safe box. The firearms of plaintiff Mustufa Kachwalla did not correspond to the messenger facebook exchange.

48. Defendants incorrectly searched and seized the firearms that belong to plaintiff Mustufa Kachwalla on October 3, 2019.

49. The Middlesex County Prosecutor after an appearance before Judge Michael Toto, J.S.C. of the Superior Court of New Jersey recognized that, and issued an order dismissing and denied the TERPO and it was commanded to return back to plaintiff Mustufa Kachwalla his weapons. There were no illegal arms in the premises of 11 N. Pennsylvania Avenue, Colonia, NJ and the registered with permits firearms were in safety of a safe box when the police forced Plaintiff Mr. Kachwalla to open it and police took them. All of the firearms found in the safe box were unloaded.

50. All members of the Kachwalla's family while the defendants' detectives and police officers were pointing guns on the family members two of them which were minors at the time were made to lay on the floor at gunpoint and, without any explanation of anything, plaintiffs were terrorized by the defendants' actions.

51. The complete house was ransacked, doors were broken, the ceiling was broken, the cats ran out of the way because they were scared and were hiding for days after the incident of October 3, 2019.

52. Each of the plaintiffs' members of Kachwalla's family due to the actions and omissions of the defendants have suffered and still are suffering of psychological injuries, suffering of panic attacks, anxiety, that anyone can break into the house at night and they be subjected to the false arrest and unconstitutional and unreasonable search and seizure.

53. Plaintiff Bryce T. Czech was taken arrested to the Edison Police headquarters by the defendants and he was interrogated by Defendants Detectives Daniel Hansson and Brian Mieczkowski about what happened on the 10/2/2019 Facebook messenger conversation, about the attempt of third party Adonis Williams to sell LSD and Plaintiff Czech went to say that he thought Mr. Williams was "scum" and therefore decided Plaintiff Bryce T. Czech was going to rob him. Plaintiff Bryce T. Czech sent photographs that Plaintiff Bryce T. Czech obtained from the internet of firearms on his phone to Mr. Williams, Plaintiff Bryce T. Czech stated to the interrogators (Defendants detective Daniel Hansson and Seargeant Brian Mieczkowski) that he offered to sell them to third party Adonis Williams. Plaintiff Bryce T. Czech stated that only did that to lure third-party Adonis Williams into a robbery.

54. Plaintiff Bryce T. Czech told the interrogator's defendants detectives Daniel Hansson and Brian Mieczkowski that he ultimately decided this was a bad idea and did not plan to follow through with this. Plaintiff Bryce T. Czech never met with Mr. Williams and no threat, nor commission of a crime was ever made against Mr. William or anyone.  Also, according to the Edison Police Report Plaintiff Bryce T. Czech at the end of the interview of October 3, 2019, stated: "what else can I tell you but the truth".

55. Plaintiff Bryce T. Czech was charged with 2C:5-2 Conspiracy to Commit Robbery by force. The charge was remanded as harassment charge against Mr. Adonis Williams to

the Edison Municipal Court, and then, transferred to Highland Park Municipal Court

because the Plaintiffs have filed and given notices of tort claim act both to the

Woodbridge Township and the Edison Township, including their respective police

department, as well as, the police officers that are spelled out in the present complaint.

56. The charges were dismissed by the motion of the Highland Park Municipal Prosecutor

because on the basis of the factual makeup of the reports and examination of the facts, the

prosecutor could not prove that there was any harassment. The case had been dismissed.

57. Defendants used the photographs of the Facebook Messenger from Mr. Williams and

Plaintiff Bryce T. Czech Facebook messenger in order to obtain the search warrant

against plaintiff Bryce T. Czech and against the premises that did not belong to Mr.

Czech but to the plaintiffs, Kachwalla's Family and the extend of the Facebook

messenger conversation was the following:

**_Bryce Czech_**                                                     **_Mr. Williams_**

**_You wanna strap? An how much_**
If you want one
15$
More than 3 10$

**_Idk homie I'll let you know an I_**
**_Gotta get rid of these if you know anyone_**
**_3 pistols pictures_**

Lml
Dirty?

**_This is my baby but I need it gone_**
**_it go for a lot more_**
**_pistol picture_**
How much for tht

**_I mean it'd suck really_**
**_bad but id let it go for_**
**_220_**

| _Bryce Czech_ | _Mr. Williams_ |
| --- | --- |

Thas not bad
How much for both of
em

**The revolver is dirty
but it's only 65 and the 9 120 an it's clean
asf**
Does the Uzi fire?

**Bro full auto**
Worrdddd
How tf u get tht

**My boy gave me the
fram for 100 and I
bought the rest
myself like the pin and
trigger myself it didn't
even come with that
clip I bought that too**
Have u fired
And cleans it?
**Oh yea bro it's a bit
hard to aim and shit
but dude it's fund asf
to shoot**
Worddd I'm interested
Tho

**Just lemme know need
gone ASAP shit it way
to hot to keep in the
crib I got 4 rn and have
no clue what to do
with them an I'll let
you know on that cid
after 5**

58. Plaintiff Bryce T. Czech while he was interrogated by the defendant, his testimony was

    that he never had possession of those three guns that were shown in the photographs

    taken by the Facebook Messenger conversation between him and Mr. Williams and he

indicated that he had taken them either from Google search or one from one of his

friends, but that he did not have any firearm whatsoever.

59. Defendants Police Officers, Detectives and the Edison Police Department of New Jersey

stated in their police reports that the arrested person (plaintiff Bryce T. Czech) had

positive identification and stated in the Eidson Police Department, Record of Booking

that VALID PHOTO LICENSE was used.  Plaintiff Bryce T. Czech does and did not

have a New Jersey Driver License at all nor from any other state.

60. The warrant issued on October 3, 2019, at 12:15 AM by Judge Patrick Bradshaw, J.S.C.

only described the property of 11 N. Pennsylvania Avenue, Colonia, NJ 07067, being a

single-family house with an attached garage on the left side of the front of the house. To

the right of the garage is the front door. There is a storm door and a solid wood door to

enter the house. There are three cameras mounted on the front of the house along with a

Ring doorbell", but the warrant was not issued against Mustufa T. Kachwalla. The

warrant did not have when the execution would have to be made.

You are hereby authorized to enter the premises described below ☐ with, ☒ without, ☐ not applicable, first knocking and identifying the officers as police officers and the purpose for being at the premises, if applicable.

You are further authorized to execute this warrant between the hours of _____ and _____ within the ten (10) days from the issuance hereof, and thereafter to forthwith make prompt return to me with a written inventory of the property seized thereunder.

And thereafter to provide a prompt return to me with a written inventory of the property seized under the authority of this warrant. You, or any other law enforcement officer, are further commanded to promptly appear before the Court with a written confirmatory search warrant for the Court's review.

Given and issued under my hand pursuant to R. 3:5-3(b) at _12:15_ o'clock _A_ m, this _3rd_ day of _October_ , 20 19

_Judge Patrick J. Bradshaw, J.S.C._        By Detective Daniel Hanson

Judge of the ☐ Municipal ☒ Superior Court        (Print name of police officer authorized to sign Judge's name)

☑ This duplicate original search warrant shall also serve as written confirmatory search warrant pursuant to R. 3:5-3(b).  The original duplicate warrant was originally authorized by the undersigned at _12:15_ o'clock _A_ m, on the day of _Oct 5, 2019_

Judge of the ☐ Municipal ☒ Superior Court

61. The Temporary Extreme Risk Protective Order of Woodbridge Municipal Court stated

that Plaintiff Bryce T. Czech had a driver's license C97211038301012 of New Jersey,

with expiration on 01/2023 but does not state that such alleged license lists the Kachawalla's residence. Plaintiff Bryce T. Czech did not and does not possess any driver's license and this was not provided during discovery either to confirm or not the identity of the plaintiff Bryce T. Czech by the defendants.

62. Defendants also indicated in their reports that plaintiff Bryce T. Czech had made a verbal admission to Edison Police Officer Det. Sgt. Mieczkowiski that he will commit robbery using firearms. There was no firearm, but pictures of internet firearms as per the Edison Police report. There were no brandships of any firearm recklessly used, displayed, but sent text messages with photos of various firearms obtained from internet pictures.

63. Furthermore, the Edison Police report stated that firearms were located in a safe which was unsecured and unable to be locked. This has been expressly denied by Plaintiff Mustufa Kachwalla, who in certification filed with the Highland Municipal Court in support of plaintiff Bryce T. Czech's motion to dismiss stated that the defendants' police officers made him open the locked safe box where he kept locked his registered firearms.

64. The Superior Court through Judge Michael Toto, J.S.C. ruled that the firearms retrieved from plaintiff Mustufa Kachwalla were not in danger of misuse and ruled eliminating any impediment to be returned to plaintiff Mustufa Kachwalla.

65. None of the legal and registered firearms of plaintiff's Mustufa Kachwalla correspond to the pictures retrieved by plaintiff Bryce T. Czech and obtained from the internet and described by Plaintiff Bryce T. Czech's photos in the Facebook text messages to Mr. Williams.

66. Also, there was no conspiracy to commit robbery because there were no conspirators, you cannot conspire alone. There was no attempt of robbery by plaintiff Bryce T. Czech

because there was no act of robbery. There was no attempt of robbery because there were no acts to rob anyone on October 2, 2019 nor after.

67. Plaintiff Bryce T. Czech did not know that there were any firearms in the house, nor he had access to the firearms that were located in the safe box and as per plaintiff Mustufa Kachwalla's statements, they were properly secured in the safe box in his bedroom prior and during to the incident October 3, 2019.

68. Judge Joseph Lombardi from Woodbridge Municipal Court issued a petition and commanded Mr. Kachwalla to appear at the Superior Court Criminal Part, Middlesex County, Room 501 on October 8, 2019 at 9:00 A.M.

69. Plaintiff Mustufa Kachwalla appeared before the Middlesex County on the matter of his arms and the claims of the state was dismissed on November 13, 2019 by the Honorable Michael Toto, J.S.C. and Judge Toto decided that the petition for final extreme risk protective order was denied. The court did not find by a preponderance of the evidence that respondent (plaintiff Mustufa Kachwalla) possession of his legally owned arms poses/possess a significant danger of bodily injury to himself/herself or others by purchasing or receiving firearms and/or ammunition. For further reasons, the order stated that the prosecutor withdrew the petition, and the petitioner (the state) asked the court to terminate the temporary order.

70. Plaintiff Mustufa Kachwalla testified through his attorney before Judge Michael Toto that the firearms in his possession were registered and with permits and that they were kept locked on the date of the execution of the search warrant of October 3, 2019 but the safe was opened by him as ordered by the Edison and Woodbridge Police Officers or Detectives that executed the search warrant. This command was obeyed as a consequence

of the invasion of police at Plaintiff's Mustufa's home breaking the door, turning off the surveillance cameras installed in the home, and not activating the body cameras that they were wearing in violation of the New Jersey Attorney General directives, all done at gunpoint.

71. Plaintiff Bryce T. Czech did not have any firearms, he was bluffing about them to a third person (Mr. Williams) and the plaintiff Bryce T. Czech never met with the third person (Mr. Williams), nor interchanged any firearms nor committed any of the charges that he had been charged with by the Edison Police Officers and Detectives.  Plaintiff Bryce T. Czech had no possession of any firearms and he was never in possession of any firearms.

72. The plaintiff Bryce T. Czech's statement to the Edison Police Department was that he never had possession of those guns described in the Facebook messenger, he used a picture from Google, another from a friend Facebook and a friend that has streamed it a long time ago, as per the Edison Police Department recorded interview of October 3, 2019 at 4:11 A.M..

73. **Plaintiff Bryce T. Czech described the three firearms in the Facebook text messages, he stated that he sent three different photos with three different guns, a shotgun, a revolver, and like a 9MM, one photo was straight from plaintiff's friend that has sent it a long time ago, and the Uzi photo from Google that it took him a long time to find and the other one was from Facebook, one of his friends had it as a profile picture. Plaintiff Bryce T. Czech confirmed to the Edison defendants' detectives on the interview of October 3, 2019 that the photographs were obtained from friends, Facebook, and Google and forwarded them to the guy.**

74. The Defendants Detective Daniel Hanssan obtained a search warrant by telephone, this was done as follows:

75. The officer in the report, Defendant detective Daniel Hanssan gave no identification of who owns the house. Defendant detective Daniel Hanssan did not investigate the names of the occupants of the house. There was nothing related to such investigation and the results.

76. While stating in the phone testimony on October 3, 2019 to obtain the warrant that Plaintiff Bryce T. Czech has no driving license and that the Dodge pick-up truck was under the name Plaintiff Bryce T. Czech's uncle in order to include the garage of the house in the search, Defendant Detective Hansson did not offer any connection between the pick-up and any suspicions of its use or the garage use related to any alleged criminal activity.  There was no document on discovery related to the criminal case of such investigation.

77. There were no investigation documents that there was an investigation on who occupied the house. There is not even the name of the plaintiffs Kachwalla's family, except the name of Mustufa Kachwalla, identified as Asian (a term usually used for Chinese, Vietnamese, Thailandese, Japanese and Korean). This shows the dearth of investigation done.

78. The Defendant's Detective Hansson's report stated that he contacted two police officers that he assigned for surveillance of the house in Colonia, but there was no report of the surveillance produced, and no report of any conduct linking the house to any criminal activity or suspected criminal activity.

79. In the phone conversation with the issuing Judge Bradshaw by which the warrant was obtained, Defendant Detective Hansson stated that he had the house on surveillance for narcotics activity.   However, there was no examination of the persons living in it, Plaintiffs Mustufa Kachwalla, his wife Debra Kachwalla, Cassidy Kachwalla, Zachary Kachwalla, and Anjali Kachwalla and their criminal history and not showing of criminal records, narcotics records, or firearms possession. This was also valid for plaintiff Bryce T. Czech.

80. The telephone statement to Judge Bradshaw as well as the police report does not show any attempt of Defendant Detective Hansson and his group to obtain a controlled purchase of a firearm from Plaintiff Bryce T. Czech using the alleged contact Adonis Williams or any other person including a police officer.

81. While Judge Bradshaw in the phone conference or phone application for the warrant found probable cause for the issuance of the phone obtained warrant there was not explicit and specific detail finding of exigent circumstances that justified the issuing of a phone warrant nor was there any detailed explanation of exigent circumstances claimed for the issuance of the warrant

82. No language addresses exigent circumstances in the form of the warrant issued by Judge Bradshaw.

83. The warrant was a no-knock.

84. There was never expressed by Defendant Detective Hansson any particularized suspicion that a no-knock warrant was required to prevent the destruction of evidence. There was not a drug-related warrant but a weapons search warrant. Furthermore, there was no

articulation of "armed and dangerous use" and nothing of the criminal record that would articulate such reasons. These were not articulated by Defendant Detective Hansson.

85. There was no articulation for a non-knock warrant from the totality of the circumstances, based on text messages only without any corroboration.

86. There was nothing showing in the reports or conference that third party Adonis Williams had ever purchased firearms from Plaintiff Bryce T. Czech or that plaintiff Bryce T. Czech had sold to anyone ever any firearms.

87. No knock was obtained without being based on layout and persons occupying the premises.

88. There was no testimony by the defendant detective Hansson and no indication of the plaintiff's Bryce T. Czech's possibility of a violent response, nor based on the plaintiff Bryce T. Czech's prior criminal history.

89. There was no controlled buy that could be linked with any criminal history of the plaintiff Bryce T. Czech or any of the plaintiffs' occupants of the plaintiffs' Kachwalla's house.

90. There was no articulated any reason based on the layout of the house for a no-knock warrant.

91. The warrant had not date for execution nor time for its execution, also the warrant describes the building to be searched but does not authorize the search of all persons in the plaintiffs' house.

92. Nothing in the phone testimony for obtaining the search show any basis for a belief that all persons in the house might likely be engaging in criminal conduct.

93. There was no articulated reason based on the layout of the house for a no-knock warrant.

94. The warrant had no date for execution nor time for its execution, also the warrant describes the exterior of the building to be searched but does not authorize the search on all persons in the house.

95. Nothing in the phone testimony for obtaining the search show any basis for a belief that all persons in the house night likely to be engaging in criminal conduct. There was no investigation to ascertain where in the house plaintiff Czech lived.

96. The warrant does not address the defendant with particularity that would make it not overbroad.

97. The warrant does not state that it can be executed at any time nor provide good cause for such provision.

98. There was no copy of the warrant provided to anyone of the occupant of the house, nor of the grounds taken nor was that left at the property when it was executed, nor after the execution.

99. The police disabled the surveillance cameras of the house, both inside and outside.

100. No copy of the documents filed on the returning of the search warrant was ever provided on the discovery of the criminal case, there has not been the provision of the duplicate warrant with the time of the execution on it, as required by law.

101. Defendants then assaulted Plaintiffs with unreasonable and excessive physical force, specifically by punching and kicking them and by pointing with firearms on their heads and forcing them to drop to the floor under arrest without probable cause.

102. Plaintiff Bryce T. Czech was taken to police headquarters in Edison Township, processed, and released. The other plaintiffs were after the arrest not taken to the Edison Police headquarters but left at the house in shock.

103.     Plaintiffs have sustained directly and proximately caused by the police officers, detectives, sergeant, special force units, lieutenants' conduct causing bodily injuries as a result of Defendants unjustified assault and their use of excessive and unreasonable physical force on the plaintiffs, they had suffered public humiliation, psychological and emotional damages and the violation of their constitutional and civil rights.

104.     These injuries have required and still require medical attention.


**COUNT ONE**

**UNREASONABLE SEARCH AND SEIZURE, IN VIOLATION OF BOTH THE 4TH AMENDMENT OF THE U.S. CONSTITUTION AND SIMILAR PROVISIONS UNDER THE NEW JERSEY STATE CONSTITUTION**

105.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

106.     The defendants police officers' actions constitute unreasonable search and seizure both under the 4th Amendment of the United States Constitution and under Article 1, Section 7 of the New Jersey Constitution.

107.     The defendants police officers had no right to enter into the plaintiff Kachwalla's family residence because there was no probable cause to execute a search warrant and the search warrant was obtained illegally and improper and there was no probable cause to the seizure by the defendants and the seizure of Mustufa Kachwalla's firearms. Plaintiff Mustufa Kachwalla did not consent to the search of his safe box. All done at gunpoint. The defendants police officers lied in their report that the safe box was open and could not lock.

108.     The defendants police officers were not authorized under the improper and illegal search warrant to investigate, destroy, broke into without announcement, ransacked the plaintiffs' Kachwalla's family residence located at 11 N. Pennsylvania Avenue, Colonia, NJ.

109.     The defendants police officers did a preventive spoliation of evidence by shutting the surveillance cameras in the premises in order to prevent a record of their conduct in carrying the search warrant and the arrests. This has the same effect as if they had erased the recordings.

110.     The defendants police officers intentionally or in complete disregard of their duty to have the body cameras on did not activate them, in violation of the New Jersey Attorney General directive and guidelines.

111.     Each and every plaintiff had a reasonable expectation on the property and premises that was searched and especially, in their respective bedrooms and on their belongings and possession.

112.     The defendants police officers had no reasonable indication that any other crime was afoot, nor even the means to investigate or ascertain if any crime has been committed or were about to be committed, the defendants failed to properly investigate causing damages to the plaintiffs.

113.     The defendants police officers had no right to seek for a search warrant and to execute any search warrant, the said search warrant was obtained improperly and without probable cause.

114.     The defendants had no right to take under illegal detention the plaintiffs since there was no probable cause for any arrest.

115.     The defendants police officers arrested the plaintiff Bryce T. Czech and took him

to the Edison Police Headquarters unreasonably, in violation of his constitutional rights

and use excessive false, humiliating him, injuring the plaintiff both physically and

psychologically for which the plaintiff had received and will continue to receive medical

treatment for these injuries and the damages from them that were proximately caused by

the wrongful action of the defendants.  The same violation of constitutional rights of the

other plaintiffs was perpetrated by the defendants' police officers against them.

116.     The defendants police officers acted, knowingly, purposely and/or without

deliberate indifference to deprive the plaintiffs of their constitutional rights. As a result of

the nature of the defendants' conduct, plaintiffs are entitled to recover punitive damages,

against each individual defendant.

**WHEREFORE,** Plaintiffs demand judgment against the defendants and John Does 1-5, on

this Count together with compensatory, consequential and punitive damages, attorney's fees,

interest and costs of suit incurred, and for any such further relief as the court deems proper

and just.

<u>**COUNT TWO**</u>

<u>**SECTION 1983 EXCESSIVE FORCE**</u>

117.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

118.     As a direct and proximate result of the above-referenced unlawful and malicious

119.     physical abuse of Plaintiffs by the defendants and John Does 1-5 committed under

color of state law, Plaintiffs sustained bodily harm and were deprived of his rights to be

secure in their person against unreasonable seizure of their person, in violation of the

Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

120.     As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily and psychological injuries, mental distress, humiliation, psychological injuries, depression and anxiety, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs demand judgment against Defendants and John Does 1-5, on this Count together with compensatory, consequential and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**COUNT THREE**

**SECTION 1983 FAILURE TO INTERVENE**

121.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

122.     Defendants and John Does 1-5 were Edison and/or Woodbridge Police Officers and at all times mentioned herein were acting under color of state law.

123.     Defendants and John Does 1-5 had a duty to intervene and prevent in the unjustified assault and arrest of Plaintiffs by defendants and John Does 1-5.

124.     The unjustified assault and arrest of Plaintiffs by defendants and John Does 1-5 deprived Plaintiff of his right to be secure in their persons against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983 and the New Jersey Constitution.

125.    Defendants and John Does 1-5 had a reasonable opportunity to intervene and prevent in the unjustified arrest and assault of Plaintiffs by defendants and John Does 1-5 and failed to intervene.

126.    As a direct and proximate cause of the defendants as set forth above, Plaintiffs suffered bodily injuries, mental distress, humiliation, psychological injuries, depression and anxiety, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs demand judgment against Defendants and John Does 1-5, on this court together with compensatory, consequential and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR

## SECTION 1983 SUPERVISORY LIABILITY

127.    The previous paragraphs are incorporated herein inclusively as if fully set forth.

128.    Defendants Police Director or Chief of Police and the immediate supervisor at the time of the arresting defendants Officers and/or John Does B( 6-10) were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

129.    Defendants Police Director or Chief of Police, and the immediate supervisor of the arresting defendants police officers and/or John Does B (6-10) had a duty to prevent subordinate officers

130.    defendants and John Does A 1-5 from violating the constitutional rights of citizens and/or detainees.

131.     Defendants Police Director or Chief of Police, and the immediate supervisor of the arresting defendants police officers John Does A (1-5) and/or John Does B 6-10 either directed defendants Stephanie Jimenez, P.O. Ramos, P.O. Garcia, and Sergeant Lara to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

132.     Specifically, Defendants Police Director or Chief of Police, and the immediate supervisor of the arresting defendants police officers, John Does A(1-5) and/or John Does B (6-10) failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Edison and Woodbridge Township Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

133.     As a direct and proximate result of the acts of Defendants John Does A (1-5) and/or John Does B (6-10) set forth herein, Plaintiff suffered physical injury and medical expenses in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, the New Jersey Constitution Article 1, Section 7 and protected by 42 U.S.C. Section 1983.

134.     As a direct and proximate cause of the conduct of  Defendants John Does A (1-5) and/or John Does B (6-10) as set forth above, Plaintiffs suffered bodily injuries along with damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs demand judgment against defendants John Does A (1-5) and John Does B (6-10) on this Count together with compensatory, consequential and punitive damages,

attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## **COUNT FIVE**

## **SECTION 1983 UNLAWFUL CUSTOM, PRACTICE,**

## **POLICY/ INADEQUATE TRAINING**

135.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

136.     Defendants Edison Township, Woodbridge Township,  Edison and Woodbridge Township Police Director and/or John Does 6-10 B and C are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Edison and Woodbridge Township Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police-citizen encounters, and/or (4) disciplining officers. Defendants and/or John Does 6-10 B and C are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiffs were assaulted.

137.      At all times mentioned herein, Defendants and/or John Does 1- 5, as police officers, agents, servants and/or employees of Defendants Edison Township, Woodbridge Township, were acting under the direction and control of Defendants Edison Township and, Woodbridge Township Police Department, and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Edison Township and, Woodbridge Township Departments.

138.     Acting under color of law pursuant to official policy, practice, or custom, Defendants Edison Township, Woodbridge Township, and/or John Does 6-10

intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants and/or John Does 1-5 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

139.     Acting under color of law pursuant to official policy, practice, or custom, Defendants Edison Township, Woodbridge Township and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Edison Township, Woodbridge Township, and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

140.     Defendants Edison Township, Woodbridge Township, and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Edison Township and Woodbridge Township Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

141.    Defendants Edison Township, Woodbridge Township, and/or John Does 6-10 B
&  C were aware of numerous similar police-citizen encounters involving, and/or Internal
Affairs complaints and/or civil lawsuits filed against, defendants, John Does 1-10, and/or
other Edison Township and Woodbridge Township Officers whereby they customarily
and frequently subjected citizens held in custody to physical and mental abuse;
unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally,
recklessly and/or negligently misrepresented the facts of arrests and/or other police-
citizen encounters; falsified police and/or other official records; made false arrests,
mishandled and/or withheld evidence and/or used unreasonable and excessive force on
citizens/arrestees.

142.    Despite their awareness, Defendants Edison Township, Woodbridge Township,
and/or John Does 6-10 B & C failed to employ any type of corrective or disciplinary
measures against defendants, John Does 1-10 and/or other Edison Township and
Woodbridge Township Police Officers.

143.     Defendants Edison Township, Woodbridge Township and/or John Does 6-10 had
knowledge of, or, had they diligently exercised their duties to instruct, train, supervise,
control, and discipline defendants and/or John Does 1-10 B & C on a continuing basis,
should have had knowledge that the wrongs which were done, as heretofore alleged, were
about to be committed.

144.    Defendants Edison Township, Woodbridge Township, and/or John Does 6-10 had
the power to prevent or aid in preventing the commission of said wrongs, could have
done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with
deliberate indifference failed to do so.

145.     Defendants Edison Township, Woodbridge Township, and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants and/or John Does 1-10 heretofore described.

146.     As a direct and proximate result of the acts of Defendants Edison Township, Woodbridge Township, and/or John Does 6-10 B & C as set forth herein, Plaintiffs suffered physical injuries, psychological injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983 and the New Jersey Civil Rights applicable law.

**WHEREFORE**, Plaintiffs demands judgment against Defendants Edison Township, Woodbridge Township, and/or John Does 6-10 B & C, on this Count together with compensatory, consequential and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

<u>**COUNT SIX**</u>

<u>**SECTION 1983 DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF**</u>

147.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

148.     Pursuant to 42 USC Section 1983, given that there exists no adequate remedy at law, Plaintiff is entitled to prospective injunctive relief against the Defendants.

149.     The relief sought by Plaintiff includes, but is not limited to, the following:

    a.    An order permanently restraining and enjoining Defendants Edison Township, Woodbridge Township; defendants and John Does 1-10 from engaging in,

encouraging, teaching, promoting or training Edison Township Police Officers
and Woodbridge Township Police Officers in falsely arresting, maliciously
prosecuting, maliciously abusing the process, and/or using excessive force against
citizens and/or arrestees.

b.  An order compelling Defendants Edison Township and Woodbridge Township to
take prompt, appropriate and corrective measures to prevent any practices that
encourage, teach, engage in, promote or train its officers in falsely arresting,
maliciously prosecuting, maliciously abusing process and/or using excessive force
against citizens and/or arrestees.

c.  An order compelling Defendants Edison Township and Woodbridge Township, to
provide regular and consistent training sessions to Edison Township and
Woodbridge Township Police Officers.

d.  An order compelling Defendants Edison Township and Woodbridge Township to
implement a system whereby prompt, appropriate action is taken against any
Edison Township and Woodbridge Township Police Officer who engages in,
teaching, and/or condones falsely arresting, maliciously prosecuting, maliciously
abusing the process and/or using excessive force against citizens and/or arrestees.

e.  An order permanently restraining and enjoining defendants and/or John Does 1-5
from arresting citizens without adequate probable cause, physically abusing and
using excessive force against citizens and/or arrestees.

f.  An order permanently restraining and enjoining Defendant Edison Township and
Woodbridge Township, from employing defendants and/or John Does 1-5 as
police officers or law enforcement personnel in any capacity except for clerical

duty,  solely and entirely confining them to  Police headquarters and limiting them

entirely to desk duty; enjoining defendants and/or John Does 1-5  from any patrol

duty, and enjoining defendants and/or John Does 1-5  from making arrests,

assisting in making arrests and using any force in making arrests and/or assisting

in making arrests.

g.  Any other relief as the Court deems proper and just.

**WHEREFORE,** Plaintiffs demand judgment against Defendants Edison Township and

Woodbridge Township; defendants, Chief of Police and John Does 1-10 on this Count, together

with compensatory, consequential and punitive damages, attorney's fees, interest and costs of

suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN

### SUPPLEMENTAL STATE CLAIMS

### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

150.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

151.  The excessive force, failure to intervene, and First Amendment retaliation

committed by Defendants, John Does 1-5 and/or John Does B & C (6-10), set forth at

length above, deprived the plaintiffs of their substantive due process right to be free from

unlawful seizure of their person and their fundamental right to liberty secured by the

Constitution of the United States and the Constitution of the State of New Jersey, in

violation of N.J.S.A. 10:6-1, et seq. ("The New Jersey Civil Rights Act").

152.  Plaintiffs invoke the supplemental jurisdiction of this court to hear and determine

this claim.

153.     As a direct and proximate result of the aforesaid acts of Defendants, John Does 1-5 and/or John Does B & C (6-10), Plaintiffs suffered physical injuries, psychological injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, John Does 1- 5 and/or John Does B & C (6-10), on this Count together with compensatory, consequential and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## **COUNT EIGHT**

## **ASSAULT AND BATTERY**

154.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

155.     Defendants, John Does A 1-5 and/or John Does B & C (6-10), committed an assault and battery on Plaintiffs by physically injuring them without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

156.     The assault and battery committed by Defendants were contrary to the laws of the State of New Jersey, and Plaintiffs invoke the supplemental jurisdiction of this court to hear and determine this claim.

157.     Plaintiff Mustufa Kachwalla has permanent injuries to his left shoulder and back pain, when he was struck by the defendants to the floor when the police used their physical force to subdue all Kachwalla's family members without disregard of the harm done to him. Also Plaintiff Zachary has a hard time to sleep when it gets dark, along with panic attacks when he seeks any police officer.

158.     As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery committed in the course of their official duties as police officers and/or agents, servants and/or employees of Edison Township and Woodbridge Township, and/or in their personal capacities, as specifically alleged above, Plaintiffs sustained diverse substantial and permanent physical injuries; medical expenses; pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Edison Township, Woodbridge Township, John Does A (1-5) and/or John Does B & C (6-10), on this Count together with compensatory, consequential and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT NINE

## NEGLIGENCE

159.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

160.     Defendants, John Does (1-5) and/or John Does B & C (6-10) had a duty to the Plaintiffs to not expose them to an unreasonable risk of injury.

161.     Through the acts and omissions set forth at length above, Defendants, John Does A (1-5) and/or John Does B & C (6-10) breached that duty.

162.     The acts of the Defendants were in violation of the common law of the State of New Jersey.

163.     Plaintiffs invoke the supplemental jurisdiction of this court to hear and determine this claim.

164.     As a direct and proximate cause of the conduct of Defendants as set forth above, Plaintiffs suffered and psychological injuries along with damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does A (1-5) and/or John Does B & C (6-10) on this Count together with compensatory and consequential damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## <u>COUNT TEN</u>

## <u>VIOLATION OF PRIVATE PRIVACY</u>

165.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

166.     Defendants, John Does (1-5) and/or John Does B & C (6-10) had a duty to the Plaintiffs to not expose them to an unreasonable risk of injury.

167.     Through the acts and omissions set forth at length above, Defendants, John Does A (1-5) and/or John Does B & C (6-10) breached that duty.

168.     The acts of the Defendants were in violation of the common law of the State of New Jersey.

169.     Plaintiffs invoke the supplemental jurisdiction of this court to hear and determine this claim.

170.     As a direct and proximate cause of the conduct of Defendants as set forth above, Plaintiffs suffered bodily and psychological injuries along with damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does A (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT ELEVEN

## VIOLATION OF INVASION OF PRIVACY

171.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

172.     Defendants, John Does (1-5) and/or John Does B & C (6-10) had a duty to the Plaintiffs to not expose them to an unreasonable risk of injury.

173.     Through the acts and omissions set forth at length above, Defendants, John Does A (1-5) and/or John Does B & C (6-10) breached that duty.

174.     Right to Privacy in New Jersey The New Jersey Courts have recognized a cause of action for an invasion of privacy in a number of cases. The earlier decisions based their relief upon the theory that property or contract rights were involved.

175.     The modern cases have recognized that the right to privacy is not one tort, but rather, a complex of four, namely, (1) intrusion upon solitude or seclusion (2) public disclosure of private facts, e.g., unreasonable publicity given to one's private life (3) false light privacy, e.g., publicity that normally places the other in a false light before the public; (4) appropriation of name or likeness.

176.     One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

177.      The right of privacy encompasses the right to be protected from a wrongful

intrusion which would outrage or cause mental suffering, shame or humiliation to a

person of ordinary sensibilities.

178.      Additionally, a defendant is subject to liability only when he intrudes into a

private place, or has invaded a private seclusion that plaintiff has thrown about his person

or affairs.

179.      Plaintiffs sued for harassment and privacy invasion.

180.      Invasion of privacy allegations, courts have had to distinguish between actionable

and nonactionable invasions. Generally, an actionable invasion of privacy exists only

when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's

privacy interest. The reasonableness of the defendant's conduct is assessed by balancing

his interest in pursuing his course of conduct against the plaintiff's interest in protecting

his privacy. Where a defendant's action is properly authorized or justified by

circumstance, it may be found reasonable and nonactionable even though it amounts to a

slight invasion of the plaintiff's privacy

181.      The acts of the Defendants were in violation of the common law of the State of

New Jersey.

182.      Plaintiffs claim that these activities constitute a deliberate and harassing intrusion

upon their right to privacy.

183.      Plaintiffs invoke the supplemental jurisdiction of this court to hear and determine

this claim.

184.      As a direct and proximate cause of the conduct of Defendants as set forth above,

Plaintiffs suffered bodily and psychological injuries along with damages in the form of

medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does A (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT ELEVEN

## INVALID AND DEFECTIVE SEARCH WARRANT

## OF OCTOBER 3, 2019

185.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

186.     Defendant Detective Hansson based on unreliable information and without any efforts of even minimal corroboration of the information went ahead and applied for a search warrant to the Superior Court of New Jersey, Middlesex County on false information.

187.     Defendant Detective Hansson did not investigate the issues properly in order to avoid bringing false information and statements to the court in order to obtain a search warrant against the Plaintiff Bryce T. Czech.

188.     Defendant Detective Hansson should have had known and/or should had investigated the allegations and would have never been able to obtain a search warrant on unreliable information.

189.     Defendant Detective Hansson due to his expertise and training should have had done better due diligence efforts because the seeking a search warrant, there was no crime and/or probable cause to have a search warrant, nor a no-knock search warrant as

per the messages in the Facebook account of plaintiff Bryce T. Czech.  Defendant

Detective Hansson and the defendants' supervisors or immediate Chief of the Edison

Police Department should have had known that the seeking of the search warrant would

require afoot crime in order to find probable cause

190.     Defendant Detective Hansson failed to do due diligence in investigating the true

owners and occupants of the property of 11 N. Pennsylvania Avenue, Colonia, NJ, and

sought a search warrant solely against Bryce T. Czech on unreliable information.

191.     There was never expressed by Defendant Detective Hansson any particularized

suspicion that a no-knock warrant was required to prevent the destruction of evidence.

There was not a drug-related warrant but a weapons search warrant. Furthermore, there

was no articulation of "armed and dangerous use" and nothing of the criminal record that

would articulate such reasons. These were not articulated by Defendant Detective

Hansson to Judge Bradshaw.

192.     The telephone statement to Judge Bradshaw on October 3, 2019 as well as the

Edison police report does not show any attempt of Defendant Detective Hansson and his

group (codefendants) to obtain a controlled purchase of a firearm from Plaintiff Bryce T.

Czech using the alleged contacts of third party Adonis Williams or any other person

including a police officer.

193.     Defendant Detective Hansson and other defendants came to the plaintiffs The

Kachwalla's family house of  11 N. Pennsylvania Avenue, Colonia, NJ without a proper

no-knock warrant to gain access to the privacy and the expectation of privacy of the

plaintiffs the Kachwalla's family, while subjecting the plaintiff the Kachwalla's family to

an arrest, unconstitutional seizure and search without the disregard of the plaintiffs The Kachwalla's family injuries.

194.    The no-knock search warrant of October 3, 2019 issued by Judge Bradshaw was obtained on false pretense by the defendant Detective Hansson without the wanton disregard of the harm and injuries caused to the plaintiffs jointly and individually.

195.    The No Knock Warrant Search of October 3, 2019 was obtained without based on layout and persons occupying the plaintiffs' premises.

196.    There was no testimony by the defendants' detectives and no indication of Plaintiff Bryce T. Czech's possibility of a violent response, nor based on the Plaintiff Bryce T. Czech's prior criminal history.

197.    There was no controlled buy that could be linked with any criminal history of the Plaintiff Bryce T. Czech or any of the occupants of the plaintiffs' the Kachwalla family located at 11 N. Pennsylvania Avenue, Colonia, NJ.

198.    There was no articulated any reason based on the layout of the house for a no-knock warrant.

199.    The warrant had not dated for execution nor time for its execution, also the warrant describes the building to be searched but does not authorize the search of all persons in the house.

200.    Nothing in the phone testimony for obtaining the search show any basis for a belief that all persons in the house might likely to be engaging in criminal conduct.

201.    There was no articulated any reason based on the layout of the house for a no-knock warrant.

202.     The search warrant of October 3, 2019 had not date for execution nor time for its execution, also the search warrant describes the building to be searched but does not authorize the search on all persons in the house located at 11 N. Pennsylvania Avenue, Colonia, NJ.

203.     Nothing in the phone testimony of defendant Detective Hansson of October 3, 2019 for obtaining the search warrant showed any basis for a belief that all persons in the house located at 11 N. Pennsylvania Avenue, Colonia, NJ on the October 3, 2019, night likely to be engaging in criminal conduct.

204.     The search warrant of October 3, 2019 does not address the plaintiff Bryce T. Czech with particularity that would make it not overbroad.

205.     The search warrant of October 3, 2019 does not state that it can be executed at any time nor provide good cause for such provision.

206.     There was no copy of the search warrant of October 3, 2019 provided to anyone of the occupant of the house located at 11 N. Pennsylvania Avenue, Colonia, NJ on October 3, 2019, nor of the grounds taken nor was that left at the property located at 11 N. Pennsylvania Avenue, Colonia, NJ.

207.     The defendants' police officers/detectives/ special team force disabled the plaintiff Mustufa Kachwalla's surveillance cameras of his house, both inside and outside.

208.     Defendants have failed to file the returning of the search warrant of October 3, 2019 upon request of the same in the wrongful charges of harassment on plaintiff Bryce T. Czech had not been provided on the discovery, there has not been the provision of the duplicate warrant with the time of the execution on it.

209.     The plaintiffs have suffered because of the invasion of privacy, humiliation, mental distress and emotional distress, and psychological injuries that required, requires and will require medical attention, directing and proximately caused and will continue to suffer special damages at this time not completely determined.

210.     Defendants, John Does (1-5) and/or John Does B & C (6-10) had a duty to the Plaintiffs to not expose them to an unreasonable risk of injury. They failed and violated that duty and proximately caused the injuries above claimed by the plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does  (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

<u>**COUNT TWELVE**</u>

<u>**THERE WAS NO RELIABLE CONDUCTED BY THE DEFENDANTS**</u>

<u>**RISK ASSESSMENT PROCESS TO EXECUTE THE SEARCH WARRANT**</u>

<u>**OF OCTOBER 3, 2019**</u>

211.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

212.     Defendant Detective Hansson based on unreliable information and without any efforts of even minimal corroboration of the information went ahead and applied for a search warrant to the Superior Court of New Jersey, Middlesex County on false information.

213.     The automated pretrial risk-assessment process may not account for all relevant circumstances. For example, it does not account for the fact-sensitive manner in which the present offense was committed that might suggest that the defendant is especially

dangerous (e.g., the defendant inflicted more serious harm than that required to establish the elements of the charged crime; a firearms offense was not limited to "simple possession," but rather involved possession for an unlawful purpose, or involved brandishing or pointing the firearm, thereby creating a heightened risk of violence; the offense was committed against a particularly vulnerable victim; the offense was committed in the presence of children or otherwise posed a heightened risk to children, etc.). Nor does the automated pretrial risk-assessment process account for the strength of the case, which might suggest that the defendant would have greater incentive to avoid a likely conviction by fleeing (e.g., where the offense conduct is captured on an audio/video recording; the defendant confessed to the crime; the offense conduct was personally observed by a police officer; contraband was found on the person of the defendant, etc.).

214.    Furthermore, for purposes of informing the law enforcement decision whether to issue a complaint-summons or apply for a complaint-warrant, search warrant, the automated pretrial risk-assessment software does not account for a pending charge or conviction from another state, although the computer system administered by the AOC will indicate to law enforcement that out-of-state criminal history information exists or not with respect to the defendant. See subsection 4.5.8 (explaining how out-of-state charges/convictions should be considered).

215.    Furthermore, as addressed specifically in subsection 4.5.7, the automated pretrial risk assessment process does not account for a defendant's juvenile justice history, even if the defendant recently was adjudicated delinquent for a serious violent crime. The automated pretrial risk-assessment process also does not account for expunged records,

even though N.J.S.A. 2C:52-21 was recently amended to explicitly authorize expunged records to be used in conjunction with pretrial release determinations under the Bail Reform Law. Nor does the automated pretrial risk-assessment process account for any specific threat of future harm that a defendant may have made to a victim or witness. The automated pretrial risk-assessment process also does not account for a defendant's involvement with a violent street gang or other form of organized crimes or a defendant's drug dependence or mental illness.

216.    There was no preliminary risk assessment conducted by the defendants nor any effort at corroboration.

217.    This reveals the need of the defendants to have engaged in the investigations that would give a reliable foundation to the actions that they took.

218.    The defendants conduct was done in willful disregard of the plaintiffs' rights and this willful disregard violated the duty that as police officers they had not to violate the plaintiffs' rights, actions that caused the injuries pled by the plaintiffs in each of the proceedings counts, proximately and directly.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does  (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THIRTEEN

### FAILURE TO OBSERVE ATTORNEY GENERAL DIRECTIVE 2015-1

### LAW ENFORCEMENT DIRECTIVE REGARDING POLICE BODY WORN

### CAMERAS AND STORED BODY WORN CAMERAS RECORDING

## OF OCTOBER 3, 2019 WAS A PLANNED FRAUDULENT ACT OF

## CONCEALMENT AND PREVENTIVE SPOILING OF EVIDENCE

219.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

220.     Defendants prior to the execution of the no-knock search warrant of October 3, 2019 did not activate the bodywear cameras as per the New Jersey Attorney General Directive 2015-1.

221.     The statements advanced by the Defendant Detective Hansson to obtain the search warrant were exigent circumstances where Detective Hansson and other defendants could be in danger because of the alleged firearms. The use of the Body Worn Cameras was essential to the execution of the no-knock search warrant.

222.     The defendants by failing to turn on their body-worn cameras have spoiled the evidence when they entered into the plaintiffs' property and as to what they had done on the search and seizure of the plaintiffs' properties.

223.     The defendants were never requested by the plaintiffs to deactivate their Body Worn Cameras nor had received any commands and/or requests to do so, the failure to record the whole incident of October 3, 2019 is either a failure or choice of the defendants' to avoid any trace of evidence of their wrongdoing, police force brutality and intimidation by placing the guns on their heads and commanded to stay quiet while they vandalized and destroyed the Kachwalla's house or the defendants were following a practice that was sanctioned favorably by their supervisors and/or an Edison Police Department unwritten policy.

224.     The defendants committed these acts of concealment and violation of the New Jersey Attorney General Directive with the intention of preventing the court with a view

of the events, seeking to prosecute defendants on criminal charges and in concealing the acts of police brutality connected with their actions, including the possible forfeiture of the firearms guaranteed by the United States Constitution to its citizens when lawfully and legally done.

225.     These false representations and concealment constitute tampering of evidence, abuse of process and malicious prosecution.

226.     The plaintiffs had prevailed on all the charges.

227.     However, as a consequence of the wrongful actions, concealment, and fraud on the court, the plaintiffs were subjected to criminal process.

228.     The humiliation of having to defend their rights in court, the temporary dispossession of their property, and in the case of Plaintiff Bryce T. Czech subjected to baseless criminal charges. These actions of the defendants proximately caused humiliation, sought to stigmatize and criminalize the plaintiffs causing injuries physical and psychological that required and continue to require medical attention.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOURTEEN

## PROSECUTION OF THE PLAINTIFFS BY THE DEFENDANTS IN VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION ON THE BASIS OF RACE, COLOR, AND ETHNICITY

229.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

230.    On information and belief, Defendants upon seeing the plaintiffs' Kachwalla family ethnicity on which plaintiff Mustufa Kachwalla being a Muslim, dark skin male associated the Facebook text messages about firearms with committing criminal activity without reasonable investigation, the Defendants sought the search warrant and obtained it based on only by piece meal without proper and througouh investigation.

231.    On information and belief Plaintiff Mustufa Kachwalla name and last name would have been of a White American descendant, then, the provision of investigation would have been otherwise and the steps to corroborate would had been taken.

232.    The defendant detective Hansson ran the plate of the Dodge Pick up located at the Kachwalla's premises and he stated to Judge Bradshaw on the telephonic hearing for the seeking of the warrant on October 3, 2019 that the pickup truck belonging to plaintiff Bryce T. Czech's uncle.  He however did not report in the phone hearing the full name of plaintiff Mustufa Kachwalla.

233.    On information and belief, the association of an Arabic Muslim name, and the New Jersey Law Discrimination as to Race, Color and Ethnicity of Plaintiffs made that the defendants rushed to get the warrant without doing the proper investigation and obtaining any indicating of confirmation or evidence to either apply for a search warrant and/or for taking any other course of action.

234.    As a direct result caused proximately for the violation of the New Jersey LAD, the plaintiffs have suffered physical and psychological injuries, had their privacy invaded, were subjected to unconstitutional search and seizures, were dispossessed of their legally owned firearms, and were maliciously prosecuted, and subjected to an abuse of the legal process.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FIFTEEN

## INTENTIONAL OR NEGLIGENT INFLICTION AND EMOTIONAL DISTRESS AND PSYCHOLOGICAL INJURIES

235.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

236.     The conduct of the defendants constitutes either intentional or negligent infliction of emotional distress and psychological injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SIXTEEN

## BREACH OF DUTY TO THE PLAINTIFFS

237.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

238.     Defendants were in a position of dominance over the plaintiffs as police officers to secure the wellbeing of the citizens in the State of New Jersey their upmost duty of the police to obey the law and to act in good faith in respect to citizens that have not committed any crime and have no criminal record.

239.     To the extent of their dominance position, the defendants are a fiduciary position toward the members of the public and in particular to the plaintiffs

240.     The defendants being police officers owed a fiduciary duty of protection of the citizens, loyalty, and good faith which required the defendants to refrain from any activity which would injure or damage the plaintiffs' interest.

241.     As a consequence of the violation the defendants violated the fiduciary duty owed by them to plaintiffs and proximately caused by that violation, the plaintiff suffered physical, and psychological injuries, damages to the property, invasion of their privacy, humiliation, and all of the damages stated in the prior counts of this complaint.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVENTEEN

## OFFICIAL MISCONDUCT

242.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

243.     The defendants individually and jointly have acted in a pattern of behavior that constitutes Official Misconduct by knowingly refraining from performing a duty which is imposed upon them by law or is clearly inherent in the nature of their office.

244.     The defendants individually and jointly have been negligent in their law enforcement and violating applicable codes and statutes laws, rules, regulations, and ordinances.

245.     Defendants have further been negligent, careless, reckless in failing to properly investigate, supervise their employees, failing to maintain all reasonable and proper procedures so as to be able to provide the proper and necessary assistance to any citizen in the same position as plaintiffs.

246.     As a direct result and proximately caused by this official misconduct of the defendants, the plaintiffs have suffered the injuries stated in the prior counts and incorporated herein by reference.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does (1-5) and/or John Does B & C (6-10) on this Count together with compensatory, consequential, and punitive damages, attorney's fees, interest, and costs of suit incurred, and for any such further relief as the court deems proper and just.

## RESERVATION OF RIGHTS

Plaintiffs reserve their right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Tomas Espinosa, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: 07/21/2021                    /s/     ***Tomas Espinosa, Esq.***
                                             Tomas Espinosa, Esq.
                                             Attorney for Plaintiffs